# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MARGARITA SHUN HALABERT**　　　　　　　　　　　　　　**PLAINTIFF**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NO. 4:17CV00049-JMV

**NANCY BERRYHILL,**
*Commissioner of Social Security*　　　　　　　　　　　　　　**DEFENDANT**

## FINAL JUDGMENT

　　　This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

　　　Consistent with the court's ruling from the bench during a hearing held March 27, 2018, the court finds the ALJ's residual functional capacity ("RFC") determination and, consequently, the finding of not disabled are not supported by substantial evidence in the record. Quite the contrary, the ALJ's own conclusions direct a finding of disabled.

　　　First, the ALJ failed to properly consider the claimant's schizophrenia. Despite a record replete with references to a diagnosis of schizophrenia (by multiple physicians) and consistent and ongoing subjective complaints of hallucinations, supported by treatment records, the ALJ concluded, without any medical support, that the "diagnosis of rule out schizophrenia . . . carried only through August 2014" and that schizophrenia was "not a medically determinable

impairment."[1]  Not only did Dr. Michael Whelan, the consultative examiner, and multiple medical treaters (including but not limited to in-patient treatment facilities) conclude the claimant suffered from schizophrenia or schizoaffective disorder, state agency physicians opined that the claimant's "schizophrenia and other psychotic disorders" was a severe impairment.  It was error for the ALJ, a lay person, to render an opinion that conflicted with the opinions of multiple medical sources, without any medical support.

Second, it was error for the ALJ to attribute "significant weight" to Dr. Angela Herzog's (a state agency non-examiner) opinion because said opinion was rendered without a complete medical record, including, but not limited to, findings made by Dr. Whelan during a consultative examination conducted over a year later.  Indeed, Dr. Herzog's narrative indicates the claimant's schizophrenia and intellectual deficits diagnoses were "not clearly substantiated;" however, Dr. Whelan's report actually supports said diagnoses.  Further compounding errors, the ALJ attributed no weight to Dr. Whelan's opinions, providing the generic reason that they were "not consistent with the treatment record" and pointing out the fact that Dr. Whelan "relied upon the claimant's reports of hallucinations and delusions."  The ALJ's reasons for completely rejecting Dr. Whelan's opinions regarding the claimant's schizophrenia are not supported by substantial evidence in the record.  On the other hand, Dr. Whelan's findings of hallucinations and delusions are supported by the claimant's extensive mental treatment record wherein her consistent complaints of hallucinations are noted along with her treaters' findings of delusions.

Despite these errors, the ALJ's own finding that treatment notes show the claimant's hallucinations and depression were controlled by compliance with medication and therapy—

---

[1] The ALJ found the claimant had only two severe impairments: degenerative arthralgias and depression.

which therapy included three group-therapy sessions per week—dictate a finding of disability. During the administrative hearing, the vocational expert ("VE") opined that if the claimant had to be absent on a weekly basis for three hours per week (e.g., for therapy sessions) "no work would be available." Consequently, the ALJ's finding that the claimant, in order to remain mentally stable, had to comply with her medication *and* therapy sessions, at the very least, required that a limitation of having to attend group therapy sessions three times per week be included in her RFC. Despite this error by the ALJ, on cross-examination Plaintiff's counsel elicited testimony from the VE that established there was no work the claimant could perform given such a limitation. Based on this record, the claimant was disabled during the relevant period and is entitled to an award of benefits.

On remand, the Acting Commissioner is directed to promptly calculate and award benefits to the claimant for the relevant period.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED AND REMANDED for payment of benefits.**

This, the 29th day of March, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE