IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARGARITA SHUN HALABERT                                                    PLAINTIFF

                                                                    NO. 4:17CV00049-JMV

NANCY BERRYHILL,
*Commissioner of Social Security*                                          DEFENDANT

## ORDER ON PETITION FOR ATTORNEY FEES

Before the Court are Plaintiff's motion [20] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Defendant's response [21], and Plaintiff's reply [22].

In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Final Judgment [19] dated March 29, 2018, this Court remanded this case to the Commissioner for further proceedings. Plaintiff now seeks attorney fees in the amount of $5,153.22, which represents 27 hours at a rate of $190.86 for work in 2017 and 2018. The Acting Commissioner objects to the fee request only on the grounds that any fee award is payable to Plaintiff, not directly to her counsel, and that the number of hours is "artificially inflated" because Plaintiff's itemization reflects billing in quarter-hour increments. In her reply Plaintiff states, *inter alia*, that the itemization is an accurate representation of attorney time spent and that counsel rounded down in calculating the time spent.

The Court has thoroughly considered the submissions of the parties. And, while it agrees with Defendant that the EAJA award is payable to the litigant, *see Astrue v. Ratliff*, 130 S. Ct.

2521, 2522 (2010), the Court is not persuaded that the authority proffered by Defendant in support of her second argument compels a reduction of the hours requested. To the contrary, the Court finds Plaintiff has met her burden of proving the fees requested are reasonable. *Cf. Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615 (N.D. Tex. Feb. 29, 2000) ("The Commissioner has not adduced evidence that quarter-hour timekeeping is unreasonable of itself or is no longer an accepted practice in the relevant legal market. Absent such proof, the court declines to apply a plenary reduction. . . ."). In this case counsel's time entries contain sufficient information for this Court to determine whether the amount of time spent on a particular task was reasonable. *But see Hagan v. MRS Associates, Inc.*, No. Civ.A. 99-3749, 2001 WL 531119, at *4 (E.D. La. May 15, 2001) (counsel's time entries were too vague to allow for meaningful review of work performed). Additionally, counsel's itemization is not replete with entries of *de minimus* or only brief tasks. *But see id*. (counsel's billing records reflected "many" quarter-hour entries for brief tasks). Furthermore, Defendant fails to offer argument with respect to the unreasonableness of any particular time entry. Accordingly, for good cause shown, the Court finds Plaintiff is entitled to an award of fees; the total requested is reasonable; no special circumstances would make the award unjust; and the award should be made payable to Plaintiff.

**THEREFORE, IT IS ORDERED**:

That the Acting Commissioner shall promptly pay to Plaintiff a total of $5,153.22 in attorney fees for the benefit of counsel for Plaintiff.

This 16th day of July, 2018.

/s/ Jane M. Virden  
U. S. Magistrate Judge